UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BUSH,<br><br>                    Petitioner,<br><br>-against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK,<br><br>                    Respondent. | 22-CV-3045 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his September 5, 2019, conviction in the New York Supreme Court, New York County. By order dated April 14, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons discussed below, the Court directs Petitioner to file an amended petition within 60 days of the date of this order as detailed below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are taken from the petition and public court records. On August 13, 2019, after a jury trial, Petitioner was convicted in the New York Supreme Court, New York County, of attempted assault in the first degree and criminal possession of a weapon in the second degree. On September 5, 2019, he was sentenced to concurrent terms of 12 years' imprisonment. Petitioner appealed his conviction, and the New York Supreme Court, Appellate Division, First Department, affirmed the conviction on December 22, 2020.[1] *See People v. Bush*, 189 A.D.3d 643 (1st Dep't 2020). Petitioner did not seek further review of his conviction in the New York State Court of Appeals.

Petitioner asserts several grounds for relief, the majority of which he acknowledges were not presented to the state courts: (1) actual innocence; (2) the government failed to prove all elements of the crimes of which he was convicted; (3) violation of his right to confront the alleged victim under the Sixth Amendment; and (4) violation of his right to a fair trial under the Fourteenth Amendment.[2] Petitioner repeatedly asserts that he was provided ineffective assistance of counsel because his appellate counsel did not give him an opportunity to review the appellate brief before submitting it to the Appellate Division and failed to thoroughly address or properly

---

[1] Contrary to the Appellate Division's decision, Petitioner asserts in the petition that his appeal was denied on December 22, 2021. (ECF 2, at 2.)

[2] Petitioner indicates that he is raising seven grounds for relief (ECF 2, at 16), but he clearly set forth in the petition only the four grounds stated above.

review some of the grounds for relief on direct appeal. Petitioner does not, however, raise ineffective assistance of appellate counsel as a ground for relief.

## DISCUSSION

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York Supreme Court, Appellate Division. N.Y. Crim. Proc. Law § 460.70. Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. Proc. Law § 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Petitioner's pleading does not demonstrate that he has fully exhausted his available state court remedies with respect to any of the grounds on which he seeks *habeas corpus* relief. He does not allege that he presented his grounds for relief on direct appeal − including seeking leave to appeal to the New York Court of Appeals −or in any postconviction collateral motion or

application. In fact, Petitioner asserts that he presented on appeal to the Appellate Division only one of the four grounds that the Court was able to discern in the petition, and that he did not appeal that ground to the Court of Appeals.

## LEAVE TO AMEND

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must clearly state all of his grounds for relief and supporting facts, and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state-court remedies in order to proceed with this petition.[3] *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

## CONCLUSION

Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the Court will review the petition for substantive sufficiency, and then, if the amended petition is sufficient, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 2, 2022
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241 (Rev. 06/13)

Page 2

**AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: |
| Petitioner (include the name under which you were convicted)          v.          Respondent (authorized person having custody of petitioner) | |
| The Attorney General of the State of | |

**AMENDED
PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime?  ❐ Yes   ❐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) What was your plea? (Check one)
    - ❐ (1) Not guilty
    - ❐ (2) Guilty
    - ❐ (3) Nolo contendere (no contest)
    - ❐ (4) Insanity plea

AO 241 (Rev. 06/13)

Page 3

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ❐ Jury     ❐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❐ Yes     ❐ No

8. Did you appeal from the judgment of conviction?

    ❐ Yes     ❐ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❐ Yes     ❐ No

    If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 06/13)

Page 4

      (5) Citation to the case (if you know):

      (6) Grounds raised:

   (h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ❒ No

     If yes, answer the following:

     (1) Docket or case number (if you know):

     (2) Result:

     (3) Date of result (if you know):

     (4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ❒ Yes ❒ No

11.   If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:

      (5) Grounds raised:

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❒ Yes   ❒ No

      (7) Result:

      (8) Date of result (if you know):

AO 241 (Rev. 06/13)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 06/13)

Page 6

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❒ Yes    ❒ No

      (7) Result:

      (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ❒ Yes    ❒ No

      (2) Second petition:    ❒ Yes    ❒ No

      (3) Third petition:    ❒ Yes    ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 Page 7
(Rev. 06/13)

    (c) **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

        (2) If you did not raise this issue in your direct appeal, explain why:



    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❐ Yes    ❐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:



        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):



        (3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

        (4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:



        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):



        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 06/13)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏  Yes    ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes    ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Case 1:22-cv-03045-LTS   Document 5   Filed 05/02/22   Page 13 of 20

AO 241    Page 9
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❒ Yes  ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes   ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❒ Yes  ❒ No
(4) Did you appeal from the denial of your motion or petition?  ❒ Yes  ❒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❒ Yes  ❒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241     Page 11
(Rev. 06/13)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**
      (1) If you appealed from the judgment of conviction, did you raise this issue?   ❐ Yes   ❐ No
      (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:
      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
         ❐ Yes    ❐ No
      (2) If your answer to Question (d)(1) is "Yes," state:
      Type of motion or petition:

AO 241     Page 12
(Rev. 06/13)

     Name and location of the court where the motion or petition was filed:

     Docket or case number (if you know):

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

     (3) Did you receive a hearing on your motion or petition?  ❐ Yes  ❐ No

     (4) Did you appeal from the denial of your motion or petition?  ❐ Yes  ❐ No

     (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐ Yes  ❐ No

     (6) If your answer to Question (d)(4) is "Yes," state:

     Name and location of the court where the appeal was filed:

     Docket or case number (if you know):

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

     (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 06/13)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ❏ Yes   ❏ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ❏ Yes   ❏ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ❏ Yes   ❏ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 Page 14
(Rev. 06/13)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

 (a) At preliminary hearing:


 (b) At arraignment and plea:


 (c) At trial:


 (d) At sentencing:


 (e) On appeal:


 (f) In any post-conviction proceeding:


 (g) On appeal from any ruling against you in a post-conviction proceeding:



17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ❒ Yes   ❒ No

 (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



 (b) Give the date the other sentence was imposed:

 (c) Give the length of the other sentence:

 (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ❒ Yes   ❒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 06/13)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print    Save As...    Reset